IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO PINEDA GOMEZ,  ) | No. C 13-1790 LHK (PR) |
| )  Petitioner,  ) | ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE |
| vs.  ) | |
| )  WARDEN GREG LEWIS,  ) | |
| )  Respondent.  ) | |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has submitted a Certificate of Funds, signed by an authorized officer, that indicates that Petitioner had an average monthly balance of $ 91.27 for the past six months, and an average monthly deposit of $ 105.00 in his inmate trust account. Thus, Petitioner's motions for leave to proceed in forma pauperis are DENIED. The Court orders Respondent to show cause why a writ of habeas corpus should not be granted.

**BACKGROUND**

According to the petition, Petitioner was convicted in Monterey County Superior Court of two counts of attempted murder and related crimes, and sentenced to a term of ninety-two years to life. Petitioner filed the underlying petition on April 19, 2013.

///

///

Order Denying Motions to Proceed In Forma Pauperis; Order to Show Cause
G:\PRO-SE\LHK\HC.13\Gomez790oscdenifp.wpd

**DISCUSSION**

**A.     Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

As grounds for federal habeas relief, Petitioner alleges that: (1) counsel rendered ineffective assistance because (a) counsel failed to move to suppress the victim, Raul's, identification testimony, (b) counsel failed to impeach Raul with available evidence, and (c) counsel failed to consult an expert witness on the issue of eyewitness testimony and failed to present expert testimony regarding factors that might lead to an erroneous identification; (2) Petitioner was denied a fair trial because of the cumulative prejudice of counsel's errors; (3) Petitioner did not receive fair notice that he would be sentenced pursuant to Penal Code section 1866.22(b)(4) because that section was not charged in the information; and (4) the imposition of punishments pursuant to Penal Code section 1866.22(a), (b), and (d) were improper because they were not supported by substantial evidence. Liberally construed, the Court orders Respondent to show cause why the petition should not be granted.

**C.     Appointment of Counsel**

Petitioner moves for appointment of counsel. However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if "the court determines that the interests of justice so require," the courts have made appointment of counsel the exception rather than the rule. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is

necessary to prevent due process violations. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Petitioner has thus far been able to adequately present his claims for relief. No evidentiary hearing appears necessary in this case, nor are any other extraordinary circumstances apparent. Accordingly, the Court concludes that appointment of counsel is not necessary at this time. Petitioner's motion for appointment of counsel is DENIED without prejudice.

## CONCLUSION

1. Petitioner's motion for appointment of counsel is DENIED without prejudice.

2. Petitioner's motions to proceed in forma pauperis are DENIED. Petitioner must pay the $5 filing fee within **thirty (30) days** of the date of this order or face dismissal of this action for failure to pay the filing fee.

3. The Clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

4. Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within **thirty days** of the date the answer is filed.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and Respondent **shall** file with the Court and serve on Petitioner a reply within **fourteen days** of the date any opposition is

1 filed.

2     6. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 8/7/13

*Lucy H. Koh*
LUCY H. KOH
United States District Judge